UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CV-357-FL

| | | |
|---|---|---|
| NATIONAL ALLIANCE FOR ACCESSIBILITY, INC., *a Florida not-for-profit corporation*, and DENISE PAYNE, *Individually*, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | ORDER |
| NCP WESTERN BOULEVARD LLC, *a South Carolina Limited Liability Company doing business as Western Square Shopping Center*, | ) ) ) ) ) ) | |
| Defendant. | ) | |

This matter comes before the court on defendant's motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (DE # 12). Plaintiffs responded in opposition, and defendant timely replied. In this posture, the issues raised are ripe for ruling. For the reasons that follow, defendant's motion to dismiss is granted.

## STATEMENT OF THE CASE

Plaintiffs filed complaint on July 3, 2011, alleging violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181-12189. Defendant answered the complaint on September 9, 2011, denying liability and asserting a number of affirmative defenses. On September 21, 2011, defendant moved to dismiss the complaint, arguing that plaintiffs lacked standing. Plaintiffs timely responded in opposition on October 14, 2011. They contend that they have sufficiently demonstrated standing. On October 27, 2011, defendant filed reply.

## STATEMENT OF THE FACTS

The facts, for purposes of defendant's Rule 12(b)(1) motion, are as follows. Plaintiff Denise Payne ("Payne") is a Florida resident. She has cerebral palsy, which renders her paralyzed from the waist down and unable to effectively use her arms and hands to grasp objects. Plaintiff National Alliance for Accessibility ("National Alliance") is a Florida non-profit corporation which works to ensure that places of public accommodation are accessible to its disabled members. Payne is a co-founder of the National Alliance.

On June 12, 2010, Payne visited defendant's shopping center located at 3926 Western Avenue in Raleigh, North Carolina. She noted various violations of the ADA, including ramps without required handrails, handicapped parking spaces and curb ramps on non-compliant slopes, improperly designated handicapped parking spaces, and interior spaces (such as restrooms) that were not compliant with ADA requirements. Payne was unable to enjoy the shopping center because of these violations, but asserts that she would like to in the future if the barriers to access are removed.

Although Payne lives in Florida, she occasionally travels on business to North Carolina and stated that she would be in North Carolina in October 2011. This travel is related to her organization, the National Alliance. In addition to this action, Payne has filed approximately eighty-four (84) other ADA lawsuits in North Carolina. In total, she has filed approximately two hundred and ninety-two (292) ADA lawsuits since 2008.

## DISCUSSION

A.  Standard of Review

A challenge to standing is properly considered as a challenge to subject matter jurisdiction under Rule 12(b)(1). See, e.g., White Tail Park, Inc. v. Stroube, 413 F.3d 451, 459

2

(4th Cir. 2005). Subject matter jurisdiction may be challenged at any time, and if it is lacking the case must be dismissed. See Fed. R. Civ. P. 12(h)(3). The plaintiff has the burden of establishing jurisdiction. Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). Where, as here, the defendant has not provided evidence to dispute the veracity of the jurisdictional allegations in the complaint, the court accepts the facts alleged in the complaint as true just as it would under Rule 12(b)(6). Kerns v. United States, 585 F.3d 187, 192–93 (4th Cir. 2009).

B. Analysis

"Standing is a threshold jurisdictional question which ensures that a suit is a case or controversy appropriate for the exercise of the courts' judicial powers under the Constitution of the United States." Pye v. United States, 269 F.3d 459, 466 (4th Cir. 2001). To satisfy the "irreducible constitutional minimum of standing," a plaintiff must make three showings. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). First, she must show an "injury in fact," meaning "a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." Id. (internal quotation marks and citations omitted). Second, she must show "a causal connection between the injury and the conduct complained of." Id. Finally, she must show that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Id. (internal quotation marks omitted).

Where, as here, plaintiff seeks injunctive relief, "the 'injury in fact' element of standing requires more than simply an allegation of defendant's prior wrongful conduct." Harty v. Luihn Four, Inc., 747 F. Supp. 2d 547, 551–52 (E.D.N.C. 2010) (Boyle, J.), aff'd, 453 Fed. App'x 347 (4th Cir. Nov. 16, 2011) (citing City of Los Angeles v. Lyons, 461 U.S. 95 (1983)). Instead, plaintiff must show a "substantial likelihood of future harm." Id. at 552. In other words, "to

3

establish standing to pursue injunctive relief . . . under the ADA, [plaintiff] must demonstrate a *real* and *immediate* threat of repeated injury in the future." Chapman v. Pier I Imports Inc., 631 F.3d 939, 946 (9th Cir. 2011) (emphasis added and internal quotation marks omitted); see also Shotz v. Cates, 256 F.3d 1077, 1081–82 (11th Cir. 2001).

A plaintiff's "profession of an 'intent' to return to the places [she] had visited before" is not enough to establish standing to seek injunctive relief. Lujan, 504 U.S. at 564. "Such 'some day' intentions—without any description of concrete plans, or indeed even any specification of when the some day will be—do not support a finding of the 'actual or imminent' injury" required by the Constitution. Id. In determining whether a plaintiff has demonstrated a "real and immediate threat of future harm" as required to bring an ADA claim, this court has at times considered, among other things, the following four factors: (1) the proximity of plaintiff's residence to the property in question, (2) plaintiff's past patronage of the public accommodation, (3) the definitiveness of plaintiff's plan to return, and (4) whether plaintiff frequently travels near the establishment. See, e.g., Payne v. Sears, Roebuck and Co., No. 5:11-CV-614-D, 2012 WL 1965389, at *3 (E.D.N.C. May 31, 2012); Nat'l Alliance for Accessibility, Inc. v. Waffle House, Inc. ("Waffle House I"), No. 5:10-CV-375-FL, 2011 WL 2580679, at *2 (E.D.N.C. June 29, 2011). But cf. Daniels v. Arcade, L.P., No. 11-1191, 2012 WL 1406299, at *3 (4th Cir. Apr. 24, 2012) (declining to formally endorse four-factor test as it was not helpful under the circumstances of that particular case).

In this case, the objective facts before the court demonstrate that Payne lacks standing. Payne's Florida residence, presumably located in Broward County, is more than seven hundred (700) miles away from defendant's shopping center. There is no allegation that Payne has ever actually visited the property other than the single occasion in 2010 which forms the basis of the

4

complaint. Payne has informed the court of no definitive plans, past or present, to return to defendant's shopping center. Instead, she merely asserted in an October 12, 2011 affidavit, submitted in conjunction with her response to the instant motion to dismiss, that she would be in Raleigh again on October 17, 2011 and that she had planned to visit defendant's shopping center during a separate, but ultimately cancelled, trip in June 2011. In all relevant respects, this action is indistinguishable from that dismissed in Waffle House I, 2011 WL 2580679.[1] As in Waffle House I, the additional fact that Payne appears to travel to North Carolina once or twice per year is not sufficient to compel a different result here.

The court recognizes that a similar motion to dismiss was denied in this district subsequent to Waffle House I. See Harty v. Waffle House, Inc. ("Waffle House III"), No. 7:11-CV-138-D, 2011 U.S. Dist. LEXIS 112430 (E.D.N.C. Sept. 30, 2011). In Waffle House III, the court held that a different plaintiff bringing similar claims had demonstrated a sufficient likelihood of injury in fact in order to establish standing because, although the complaint itself articulated only vague and unspecified plans to return to the establishment in question, the plaintiff had submitted an affidavit in conjunction with his response to the motion to dismiss which indicated that, prior to the filing of the complaint, he had made specific plans to return.

---

[1] In Waffle House I, the court noted that the action before it was indistinguishable from that dismissed in Luihn Four, 747 F. Supp. 2d 547. See 2011 WL 2580679, at *2. In addition, in between Luihn Four and Waffle House I, this court reached the same result on the basis of comparable reasoning in three additional cases: (1) Harty v. Tathata, Inc., No. 5:10-CV-113-WW, 2011 WL 1261313 (E.D.N.C. Mar. 31, 2011); (2) Harty v. 42 Hotel Raleigh, LLC, No. 5:10-CV-60-WW, 2011 WL 1252877 (E.D.N.C. Mar. 30, 2011); and (3) Access for the Disabled, Inc. v. Karan Krishna, LLC, No. 5:10-CV-123-WW, 2011 WL 846854 (E.D.N.C. Mar. 8, 2011). Similarly, subsequent to Waffle House I, this court reached the same result on the basis of comparable reasoning in seven additional cases: (1) Payne v. Tri-Player Investments, No. 5:12-CV-115-BO, (DE # 30) (E.D.N.C. Aug. 7, 2012); (2) Nat'l Alliance for Accessibility, Inc. v. Paris & Potter Mgmt. Corp., No. 5:12-CV-86-BO, (DE # 22) (E.D.N.C. Aug. 7, 2012); (3) Payne v. Eutaw Shopping Center, Inc., No. 5:11-CV-765-BO, (DE # 42) (E.D.N.C. Aug. 3, 2012); (4) Nat'l Alliance for Accessibility, Inc. v. Nassimi Amsterdam Dev., L.P., No. 5:11-CV-769-BO, (DE # 28) (E.D.N.C. Aug. 1, 2012); (5) Payne v. TR Associates, LLC, --- F. Supp. 2d ---, 2012 WL 3113211 (E.D.N.C. Jul. 20, 2012) (Boyle, J.); (6) Sears, 2012 WL 1965389; and (7) Nat'l Alliance for Accessibility, Inc. v. Waffle House, Inc. ("Waffle House II"), No. 5:10-CV-385-D, 2011 WL 4544017 (E.D.N.C. Sept. 29, 2011). But cf. Harty v. Pa. Real Estate Investment Trust, No. 7:11-CV-16-H, 2012 U.S. Dist. LEXIS 18693 (E.D.N.C. Feb. 15, 2012).

5

Sears, 2012 WL 1965389, at *5 (explaining difference in result between that case and Waffle House III); see also Waffle House III, No. 7:11-CV-138-D, (DE # 1 & 15). In Sears, conversely, the court did not consider Payne's alleged future plans to return, also articulated in an affidavit submitted in conjunction with her response to the motion to dismiss, because they had clearly been made after the filing of the complaint. Sears, 2012 WL 1965389, at *5. These results are in line with the doctrine that this court "views questions of standing at the time of filing of the complaint, and the doctrine admits of no exceptions." TR Associates, 2012 WL 3113211, at *4.

Here, as in Sears, Payne has failed to demonstrate that her alleged future plans to re-visit defendant's shopping center in October 2011 existed at the time of the filing of the complaint. The October 12, 2011 affidavit submitted in conjunction with Payne's response to the motion to dismiss in the instant action asserted that she would be in Raleigh again on October 17, 2011 and that she had planned to visit defendant's shopping center during a separate, but ultimately cancelled, trip in June 2011. However, because the complaint in this action was filed on July 3, 2011, any trip that Payne may have at one point planned for June 2011 would have pre-dated the instant action and thus could not have constituted a future plan to return which existed at the time of the complaint. With regard to the October 2011 trip, even assuming that this trip took place as planned and that Payne's intent to re-visit defendant's shopping center on the June 2011 trip was imputed to and consummated on the October 2011 trip, from the hotel booking confirmation provided by Payne, it is clear that this trip was not planned until August 2011, *after* the complaint had already been filed. See Pl.'s Mem. in Opp'n Ex. 2 at 9 (DE # 18-2). Therefore, at the time of the filing of the complaint, Payne did not have alleged future plans to return to defendant's shopping center which demonstrated a sufficient likelihood of injury in fact in order to establish standing. As a result, although the court need not and does not reach the question of

whether Payne's alleged future plans would have been sufficient to establish standing if they were stated in the complaint, to the extent that Waffle House III would dictate a different result, it is factually distinguishable from the instant action.

Having determined that Payne lacks standing to bring suit, the court concludes that the National Alliance is also not a proper plaintiff. An organization such as the National Alliance has standing in a case such as this if it can demonstrate that (1) at least one individual member of the organization has standing to sue in its own right; (2) the interests the organization seeks to protect are germane to its purposes; and (3) neither the claim asserted nor the relief requested requires participation of individual members. Retail Indus. Leaders Ass'n v. Fielder, 475 F.3d 180, 186 (4th Cir. 2007). Here, the only member of the National Alliance identified by the pleadings is Payne. Because Payne does not have standing to sue in her own right, the National Alliance cannot meet the first prong of the associational standing test.

In sum, because Payne has not demonstrated a real and immediate threat of repeated injury in the future that is personal to her, plaintiffs lack Article III standing to bring this lawsuit. Accordingly, defendant's motion to dismiss is GRANTED.

## CONCLUSION

For the reasons set forth above, defendant's motion to dismiss (DE # 12) is GRANTED. The Clerk is directed to close this case.

SO ORDERED, this the 3rd day of September, 2012.

LOUISE W. FLANAGAN
UNITED STATES DISTRICT JUDGE